LEACH (JONES v.). See Case No. 7,475.

## Case No. 8,157.

### In re LEACHMAN.

[1 N. B. R. 391 (Quarto, 91);[1] 1 Am. Law T. Rep. Bankr. 48.]

District Court, D. Kentucky. 1868.

BANKRUPTCY — EXAMINATION BEFORE REGISTER—. CROSS-EXAMINATION.

A bankrupt on examination may be cross-examined by his own counsel.

[Cited in Re Collins, Case No. 3,008.]

[In the matter of Stephen B. Leachman, a bankrupt.]

BALLARD, District Judge. In this case the bankrupt had submitted to an examination before the register by a creditor. The counsel of the bankrupt claimed the right to cross-examine him, and was proceeding to do so, when the counsel for the creditor objected, insisting that the bankrupt cannot examine himself, and that he may only "correct any statement made during the course of his examination" in the manner prescribed in general order No. 34. The register has certified the question thus raised for decision here. I have already decided, in Re Dean [Case No. 3,699], bankrupt, that the "examination" of the bankrupt is a "deposition" within the meaning of the bankrupt act [of 1867 (14 Stat. 517)]. Section 26 prescribes how his attendance before the register may be procured; the matters in respect to which he may be examined; that the examination shall be in writing, and how it shall be disposed of. It then provides that in a like manner the attendance of any other person as a witness may be required. Form No. 46 is the caption of the examination, whether of the bankrupt or of the witness. General order No. 10 provides how the examination of witnesses is to be conducted; and if it does not prescribe the mode of conducting

---

[1] [Reprinted from 1 N. B. R. 391 (Quarto, 91), by permission.]

the examination of the bankrupt, there is no rule or order relating to the subject. In my opinion the bankrupt, when examined, is a witness, so far at least as the mode of conducting his examination and cross-examination are to be conducted as provided in general order No. 10. It certainly would be very hard and unreasonable to require a bankrupt to answer only the questions of a creditor or assignee, and deny him the opportunity of offering as a part of his examination any explanation which he may have to make; and as he cannot be denied the benefit of counsel, I do not see how such explanation could be more appropriately made than in answer to questions propounded by his counsel. Whether the bankrupt when examined is for all legal purposes the witness of the assignee or creditor, or whether his cross-examination is to be conducted precisely as that of other witnesses, are questions not presented by the certificate, and cannot be decided. The clerk will certify this opinion to the register.